UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE:<br><br>Carlos F. Mendez<br><br>      Debtor. | BK CASE NO. 22-10372-RAM<br><br>CHAPTER 13 |

**AJAX MORTGAGE LOAN TRUST 2018-D, MORTGAGE-BACKED SECURITIES, SERIES 2018-D, BY U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE MOTION TO COMPEL CHAPTER 13 PLAN MODIFICATION and/or DISMISS CASE**

COMES NOW, Ajax Mortgage Loan Trust 2018-D, Mortgage-Backed Securities, Series 2018-D, by U.S. Bank National Association, as Indenture Trustee ("**Creditor**") by and through its undersigned attorney and files this to Compel Chapter 13 Plan Modification or in the alternative to dismiss case and states as follows in support:

## BACKGROUND

1. On January 18, 2022 Debtor filed a Voluntary Chapter 13 Petition [Doc. 1].

2. On February 2, 2022, Debtor filed the Chapter 13 Plan [Doc. 16] seeking mortgage modification on the property identified as 1990 Keystone Blvd., Miami, Florida 33181 (the "**Property**"). The Second Amended Plan (the "**Plan**") was filed on June 23, 2022 and proposed the same treatment as to Creditor [Doc. 38]. Debtors sought to pay adequate protection for the mortgage modification mediation payment in the amount of $900 per month, which is less than the contractual monthly amount owed to Creditor in the amount of $4,488.19. Further the Plan does not include arrearage owed to Creditor based on its request for mortgage modification mediation.

3.      On <u>March 23, 2022</u>, Creditor filed its Proof of Claim 3 evidencing its security interest in the amount of $467,669.07 with $39,323.48 in arrearage.

4.      On <u>May 12, 2022</u>, an order Granting Debtor's Verified Ex Parte Motion for Referral to mortgage Modification Mediation was entered [Doc. 32].

5.      On <u>July 25, 2022</u>, the mediator filed the Final Report of Loss Mitigation/Mortgage Modification Mediator [Agreement NOT Reached] [Doc. 42].

6.      On <u>July 29, 2022</u>, the Plan was confirmed [Doc. 47]. The Order Confirming Chapter 13 Plan

7.      To date, more than fourteen (14) days have passed since the Mediator issued the Report to the Court of Mediation Conference and Debtor failed to file a Motion to Modify the Plan which presently pays an inadequate adequate protection payment to Creditor based on Debtor's initial pursuit of Mortgage Modification Mediation and does not treat the arrears. Upon conclusion of an unsuccessful loss mitigation review, the bankruptcy is intended to become a true cure and maintain not a park and obstain

## BASIS FOR DISMISSAL

8.      The Southern District of Florida Bankruptcy MMM Program Procedures require, "[i]f the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan."

9.      Debtor fails to comply with the MMM Procedures.

10.      11 U.S.C. 1307(c)(1) allows for dismissal of a cause caused by unreasonable delay by the debtor that is prejudicial to creditors.

11. Debtor is abusing the bankruptcy process attempting to delay the inevitable continued foreclosure trial while it lingers in bankruptcy under the guise of seeking a mortgage modification mediation that ended on July 25, 2022 with the issuance of the Final Report of Mediation. The Modified Plan was due on August 8, 2022; and the Debtor is reposing in a tub of her mass pre-petition arrears without comply with the Mortgage Modification Mediation Procedures. This establishes cause under 11 U.S.C. 1307(c)(1).

12. The Court should not allow willful disobedience of the Order. The Supreme Court stated in a 1992 bankruptcy decision that "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Taylor v. Freeland & Krontz*, 503 U.S. 638, 644; 112 S. Ct. 1644, 1648 (1992). Here, the Debtor willfully disregards a court deadline. If it is the courts intend to treat debtors and creditors equally in bankruptcy cases, then they must enforce deadlines evenly. Deadlines pertaining to actions by debtors must be enforced as readily as deadlines that affect trustees or creditors. Penalties for willfully disregarding those deadlines must be equally enforced to discourage such behavior. To do so otherwise would constitute bias in favor of debtors, render the requirements of the Mortgage Modification Mediation Program meaningless and debase the bankruptcy court system.

13. Debtor willfully ignores the Court's deadlines in in the MMM Procedures and that needs to be to their detriment to maintain the integrity of our bankruptcy system and the Mortgage Modification Mediation Program.

14. The Court should dismiss the bankruptcy with a 1-year bar prohibiting refiling.

WHEREFORE, this Court should dismiss the bankruptcy with a one-year bar prohibiting refiling the bankruptcy case as befitting this behavior; in the alternative the Court should require Debtor to modify the Confirmed Chapter 13 Plan to cure and maintain as to the mortgage or surrender; in the alternative an Order should be entered entitling Creditor to a comfort order

granting it relief from the automatic stay.

/s/ *Allison D. Thompson*
Allison D. Thompson
Florida Bar No. 36981
adt@mechaniknuccio.com
**MECHANIK NUCCIO HEARNE & WESTER, P.A.**
305 South Boulevard
Tampa, Florida 33606-2150
(813) 276-1920 (Tel)
(813) 276-1560 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that I am admitted to the bar of this Court. I further certify that the foregoing document was served either by CM/ECF transmission or standard first class mail this 10th day of August 2022, to the following:

**Carlos F Mendez**
1990 Keystone Blvd
Miami, FL 33181
Debtor

**Samir Masri**
901 Ponce de Leon Blvd #101
Coral Gables, FL 33134
Debtor Attorney

**Nancy K. Neidich**
www.ch13miami.com
POB 279806
Miramar, FL 33027
Chapter 13 Trustee

United States Trustee
51 S.W. 1st Ave., Ste. 1204
Miami, Florida 33130
U.S. Trustee

       /s/ *Allison D. Thompson*
       Allison D. Thompson